# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 12-396V

Filed: December 17, 2012

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| KATHRYN GODLEWSKI, | * | |
| | * | NOT TO BE PUBLISHED |
| Petitioner, | * | |
| | * | Entitlement; influenza ("flu") |
| v. | * | vaccine; adhesive capsulitis; |
| | * | concession. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Clifford John Shoemaker, Shoemaker and Associates, Vienna, VA, for Petitioner;
Ann Donohue Martin, United States Department of Justice, Washington, DC, for Respondent.

## UNPUBLISHED RULING FINDING ENTITLEMENT[1]

On June 20, 2012, Kathryn Godlewski filed a petition seeking compensation for her injuries resulting from the administration of an influenza ("flu") vaccine. Ms. Godlewski seeks compensation pursuant to the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa-10 et seq. ("Vaccine Act"). Ms. Godlewski alleged that she received this vaccination on October 7, 2011, and that she suffered "adverse reactions which resulted in pain in her upper arm and shoulder that has been diagnosed as "adhesive capsulitis, frozen shoulder, bicep tendon and shoulder impingement." Petition at ¶¶ 5-6.

In the Rule 4(c) report, Respondent conceded that Ms. Godlewski's claim is compensable

---

[1] The special master intends to post this decision on the website of the United States Court of Federal Claims in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). All rulings and decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. As provided by Vaccine Rule 18(b), each party has 14 days to file a motion requesting the redaction from this decision of any such alleged material. In the absence of a timely request, which includes a proposed redacted decision, the entire document will be made publicly available.

1

under the Act.  Respondent stated that, in this case,

> the Division of Vaccine Injury Compensation, Department of
> Health and Human Services ("DVIC"), have reviewed the petition
> and medical records filed in this case, as well as the relevant
> medical literature regarding petitioner's alleged shoulder injury.
> Based on that review, DVIC has concluded that a preponderance of
> evidence establishes that the injury to petitioner's left shoulder was
> caused-in-fact by the administration of her October 7, 2011, flu
> vaccine.
>
> …
>
> In light of the information contained in petitioner's medical
> records, respondent has concluded that her left shoulder injury is
> compensable as a "caused-in-fact" injury under the Act.

Respondent's Rule 4(c) Report at 5.

Special masters may determine whether a petitioner is entitled to compensation based upon the record.  A hearing is not required.  42 U.S.C. § 300aa-13; Vaccine Rule 8(d).  The record demonstrates that about 24 hours following her receipt of the vaccination, Ms. Godlewski noticed onset of soreness in the left shoulder. Petitioner's Ex. 3 at 9.  The adverse reaction experienced by Petitioner has resulted in pain in her upper arm and shoulder that has persisted, and has been diagnosed as left shoulder adhesive capsulitis.  Petition at ¶ 6; Petitioner's Ex. 3 at 4.  Based upon a review of the record as a whole, the undersigned finds that Ms. Godlewski has established that she is entitled to compensation for her injuries.

**Accordingly, Ms. Godlewski is entitled to compensation.**  The undersigned will issue a separate Damages Order setting forth the process for quantifying the amount of damages to which Petitioner is entitled.

**IT IS SO ORDERED.**

/s/ Daria J. Zane
Daria J. Zane
Special Master

2